PER CURIAM.*
We granted certiorari in this case to consider whether the court of appeal erred in reversing the judgment of the trial court which dismissed plaintiffs suit. Having reviewed the record, we conclude there is no manifest error in the trial court’s conclusions, and accordingly, we reinstate the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This case arises from a one-vehicle accident which occurred at approximately 1:30 a.m. on February 16,1985. Plaintiff, William Ledoux, was traveling in the eastbound lane on Louisiana Highway 182, near New Iberia,[1] *44 returning to his home after attending a barbecue at his cousin’s house and playing pool at a pool hall. As he approached a curve, plaintiff lost control of his vehicle and left the road. The vehicle struck a tree stump approximately seven feet, four inches from the edge of the paved roadway and continued across a field where it flipped several times, striking a telephone pole as well as a steel barricade surrounding a gas main.
Plaintiff was taken to the hospital after the accident. A blood alcohol test was performed on plaintiff, indicating he had a blood alcohol level of 0.14%. Later expert testimony established that plaintiffs blood alcohol level at the time of the accident was 0.172%.
[ 2Plaintiff subsequently filed a personal injury suit against the State of Louisiana, through the Department of Transportation and Development (“DOTD”). Prior to trial, the parties stipulated that plaintiff suffered special damages in the amount of $84,090.02 and general damages in the amount of $250,-000.00. Accordingly, the only issue to be resolved at trial was whether DOTD was liable for plaintiffs injuries.
After a two day bench trial, the trial court rendered judgment in favor of DOTD, finding it was free from fault and dismissing plaintiffs suit. In his reasons for judgment, the trial judge rejected plaintiffs contention that the accident and plaintiffs resulting damages were caused by a drop off in the roadway, or by the tree stump located near the side of the road. He found plaintiffs version of events, and the testimony of plaintiffs expert, to be unpersuasive. Instead, he found that the testimony of DOTD’s expert, as corroborated by physical evidence from the scene and eyewitness testimony, established that the cause of the accident was plaintiffs intoxication and excessive speed. He concluded:
This Court resolves the factual issues in this case against the plaintiff and in favor of the State of Louisiana Department of Transportation and Development and holds that the plaintiff has failed to establish by a reasonable preponderance of the evidence that the accident in question and the injuries to plaintiff were caused by a defect in the roadway or the shoulder or right of way, or negligence on the part of the State of Louisiana Department of Transportation and Development.
Plaintiff appealed this ruling. The court of appeal, in an opinion not designated for publication, reversed the judgment of the trial court. Relying on the testimony of plaintiffs expert, the court found that DOTD breached a duty to plaintiff by not removing the stump from the shoulder of the road. The court concluded that had DOTD removed the tree stump or taken reasonable efforts to warn of its existence, the harm to plaintiff “would in all probability not have occurred.” Accordingly, the court of appeal reversed the judgment of the trial court and assessed DOTD with 25% of the fault for causing the accident.[2]
Upon DOTD’s application, we granted cer-tiorari to consider the correctness of this ruling.[3]
JjANALYSIS
DOTD has a duty to maintain the public highways in a condition that is reasonably safe for persons exercising ordinary care and reasonable prudence. La. R.S. 48:21(A); Campbell v. Dep’t of Transp. & Dev., 94-1052 (La.1/17/95), 648 So.2d 898. This duty extends to the shoulders of highways as well. Myers v. State Farm Mut. Auto. Ins. Co., 493 So.2d 1170 (La.1986); Rue v. State, Dep’t of Highways, 372 So.2d 1197 (La.1979). The highway department’s duty to maintain safe shoulders encompasses the foreseeable risk that for any number of reasons, including simple inadvertence, a motorist might find himself traveling on, or partially on, the shoulder. Rue, 372 So.2d at 1199. Whether DOTD breached its duty to the motoring public, by knowingly maintaining a defective or unreasonably dangerous shoulder, depends on the facts and circumstances of the case. Lee v. State, Through *45 Dep’t of Transp. & Dev., 97-0350, p. 4 (La.10/21/97), 701 So.2d 676 at 678; Hunter v. Dept. of Transp. and Dev., 620 So.2d 1149 (La.1993).
In the instant case, the trial court made a finding of fact that the condition of the road and the presence of the tree stump near the shoulder did not present an unreasonably dangerous condition. The court of appeal reversed this holding. Thus, the narrow issue presented for our consideration is whether the court of appeal erred in disturbing the trial court’s factual findings.
In Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993), we explained the standard of review the appellate courts must apply when reviewing the trial court’s findings of fact:
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a 4reviewing court must do more than simply preview the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
With these precepts in mind, we now turn to a review of the record to determine if the trial court’s findings of fact were reasonable in light of the evidence in the record.
At trial, plaintiffs position was that DOTD breached its duty to him by failing to maintain the road and shoulder. Essentially, plaintiff contended he encountered a drop off of approximately four inches on the road surface which caused him to go off the road. Once off the road, his vehicle struck the tree stump, causing it to flip over.
In support of his position, plaintiff presented the testimony of Duane T. Evans, who was qualified as an expert in traffic engineering. Mr. Evans testified that the roadway in question was reconstructed by DOTD in 1979, at which time the road was widened and a turning lane was added. According to Dr. Evans, this construction resulted in the tree stump, which was originally located approximately nineteen feet from the edge of the roadway, now being located approximately seven feet, four inchés from the edge of the roadway. He opined that leaving the tree stump in this location violated the 1977 guidelines produced by the American Association of State Highway and Transportation Officials (“AASHTO”),' which specified a “clear zone” of fifteen to eighteen feet from the edge of the roadway.
By contrast, DOTD presented the deposition testimony of Dr. Ned E. Walton, an expert in traffic engineering and human faetor engineering. Dr. Walton testified that based on his calculations, plaintiff was traveling approximately 65-70 miles per hour at the time of the accident.[4] He theorized that *46 plaintiff initially moved to the left side of the road and overcorrected. He testified that given plaintiffs speed and intoxicated condition, he was unable [5]to adequately respond, and lost control of the vehicle. He indicated that once the vehicle left the road, hitting the stump did not cause the vehicle to change its trajectory. Rather, he maintained that given the speed of the vehicle and conditions of the field, the vehicle would have rolled over with or without hitting the stump.
Dr. Walton testified the 1977 AASHTO guidelines provided for a clear zone requirement of between six to fifteen feet from the edge of the road. Based on this testimony, the road would meet the minimum clear zone requirement, since the stump (over seven feet from the edge of the road) would be outside the clear zone. In any event, Dr. Walton concluded the AASHTO guidelines did not apply to the road in the instant case. According to Dr. Walton, the 1979 project which widened the road was classified as a “3 R” maintenance project. He indicated the AASHTO guidelines did not apply to such maintenance projects, only to major reconstruction projects.
DOTD also presented the testimony of Trooper Paul Perry, Jr. of the Louisiana State Police, the investigating officer as well as an eyewitness to the accident. Trooper Perry testified he was traveling westbound at the time of the accident when he saw the headlights of plaintiffs vehicle as it went off the road. Trooper Perry testified that it appeared the vehicle turned the corner at a high rate of speed, and because of this, he felt the driver of the vehicle may have been intoxicated. Upon investigating the accident, Trooper Perry noted plaintiffs vehicle had a smell of alcohol about it and there was a beer can near the vehicle. He found “yaw marks” in the grass, indicating the vehicle came off the road sideways. He also observed that the back wheel of the vehicle left impressions in a telephone pole some fifteen feet in the air, indicating the vehicle had been traveling at a high rate of speed at the time of the impact.
Finally, DOTD introduced the testimony of the other investigating officer, photographs showing the scene of the accident, and evidence relating to plaintiffs blood alcohol level at the time of the accident.
CONCLUSION
Having reviewed the record in its entirety, we find no manifest error in the trial court’s factual findings. As to the question of whether DOTD breached its duty to plaintiff, the expert testimony differed on whether the presence of the tree stump some seven feet, four inches 16from the edge of the road violated the AASHTO “clear zone” guidelines. While plaintiffs expert testified the location of the stump was in violation of these guidelines, DOTD’s expert specifically found these guidelines were inapplicable to the 1979 project because it was not a major reconstruction. The trial court found DOTD’s expert to be more credible on this point. Since a reasonable factual basis exists in the record for the trial court’s finding that DOTD’s expert was more credible, we find the court of appeal erred in substituting its judgment for that of the trial court.
Moreover, even assuming the location of the tree stump constituted a breach of DOTD’s duty to plaintiff, plaintiff must still prove this breach of duty was a cause-in-fact of the resulting harm. Brown v. Louisiana Indemnity Co., 97-1344 (La.3/4/98), 707 So.2d 1240; Campbell, 94-1052 at 6, 648 So.2d at 902. A review of the record indicates there is no error in the trial court’s conclusion that plaintiff failed to meet his burden of proof in this regard. At most, plaintiffs expert speculated that the location of the stump may have caused plaintiff’s vehicle to roll over. However, DOTD’s expert testified that given the speed and conditions, the vehicle maintained basically the same trajectory after leaving the road, and would have rolled over “with or without the input of the stump.” This testimony was corroborated by the testimony of the investigating officers as well as photographs of the scene.[5]
*47 In sum, we conclude the trial court’s findings of fact were reasonable and are supported by the record. Accordingly, the court of appeal erred in reversing the trial court’s judgment.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the trial court finding no liability on the part of the State of Louisiana, through the Department of Transportation and Development and dismissing plaintiffs suit is reinstated. All costs in this matter are assessed against plaintiff.

 Marcus, J. not on panel. Rule IV, Part 2, § 3.

. Within the downtown area of New Iberia, Highway 182 is segregated into a divided highway, so that the westbound lane (Main Street) is one city block north of the eastbound lane (St. Peter Street). On the east side of New Iberia, immediately to the west of the Nelson Canal Road, St. Peter Street and Main Street merge to *44 form a two lane, two way roadway. The accident in the instant case occurred near the site where the two roads merge.

. 96-64 (La.App. 3d Cir.9/24/97) (unpublished).

. 98-0024 (La.4/3/98), 717 So.2d 224.

. The posted speed limit on the road was 45 miles per hour.

. Likewise, the trial court found the testimony and photographs in the record refuted plaintiff's position that he went off the road due to a drop off between the road and shoulder.