I,GASKINS, J.
The plaintiffs, Douglas Mooney and Kenneth Mooney, appeal from the trial court’s denial of their petition for injunc-tive relief to prohibit the Louisiana State Police from interfering with their towing business due to their felony convictions. For the following reasons, we ‘reverse the judgment of the trial court.
FACTS
In October 1981, bills of information were filed against the Mooneys, charging them with several counts each of theft of insurance proceeds. Kenneth Mooney was charged with five counts, while Douglas Mooney was charged with seven counts. Each pled guilty and received a sentence of five years. Each of the men successfully completed his sentence and subsequently obtained a judgment of acquittal pursuant to the provisions of La.C.Cr.P. art. 893, setting aside his conviction and “dismissing the prosecution carrying with it the same force and effect as an acquittal.”
In October 1998, the Louisiana State Police came to Kenneth Mooney’s place of business and removed the license plates from his towing vehicle. The state police also informed Douglas Mooney that he was forbidden to drive a wrecker. These actions were apparently undertaken on the basis that the Mooneys were convicted felons. The Mooneys then sought injunctive relief to prohibit the state police from interfering with their work in the towing business.
The parties agreed to submit a stipulation of the facts, as well as copies of relevant documents, in lieu of a trial. After reviewing the submissions and hearing the argument of counsel, the trial court stated that the actions of the state police were authorized by La. R.S. 32:1717(A)(1) and the rules promulgated thereto. Thus, the court found the issue raised by the proceeding to be whether or not an acquittal under La.C.Cr.P. art. 893 and the first offender pardons received by the laMooneys would negate their convictions so that their rights to engage in the towing business would be restored. The court then stated:
I read the jurisprudence and the jurisprudence is very clear ... that an acquittal under Article 893 does not eliminate the fact of a conviction and does not restore one to a state of innocence.
Relying on the cases of Louisiana State Bar Association v. Porterfield, 550 So.2d 584 (La.1989), and Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97 0121 (La.App. 1st Cir. 2/20/98), 710 So.2d 799, writ denied, 98- *286 0780 (La.5/8/98), 719 So.2d 51, the court concluded that although the Mooneys’ convictions had been set aside under the provisions of La.C.Cr.P. art. 893, those convictions still could be used to prevent the Mooneys from engaging in the towing business. The court then stated:
[A]s badly as I would like to be of some assistance to the Mooneys because they are very nice people and I think they have proven by their past behavior that they have a very good business both in Delhi and Winnsboro in repairing and taking care of automobiles, I am convinced that I must go with the jurisprudence.
DISCUSSION
The provisions of La.C.Cr.P. art. 893(D)(2) state:
Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
On the other hand, the provisions of La. R.S. 32:1717(A)(1), part of the Louisiana Towing and Storage Act, state that a tow truck license plate shall not be issued to a tow truck owner unless the applicant has never been convicted of a felony related to vehicle thefts. In addition, the provisions of La. R.S. 32:1714(1) and (4) give the state police, subject to the provisions of the Administrative | ^Procedure Act, the power and duty to adopt rules and regulations to govern the towing and storage industry in Louisiana, and to make recommendations to the Office of Motor Vehicles in reference to the examination, issuance, suspension, or revocation of licenses for tow trucks and operators. Pursuant to these statutory provisions, the state police adopted a regulation stating that any person who has been convicted of a felony relating to auto theft, vehicle insurance fraud, burglary of a vehicle, and/or possession of stolen vehicles or vehicle parts shall not be licensed, and that a licensee shall not knowingly employ any person or continue to employ any person who has committed such an offense. LAC 55:I.1909(D)(2).
As previously discussed, the trial court in the instant case, in explaining the court’s decision to reject injunctive relief, began by simply stating that the actions of the state police were authorized by La. R.S. 32:1717(A)(1) and the rules promulgated thereto. The great majority of the court’s explanation then focused on the effect of an acquittal under La.C.Cr.P. art. 893, vis-a-vis the prohibitions contained in the Louisiana Towing and Storage Act and the implementing rules. Nevertheless, for the following reasons, we find that it is unnecessary to address issues concerning an acquittal under La.C.Cr.P. art. 893.
The provisions of La. R.S. 32:1717(A) require an applicant to be free of convictions for felonies relating to vehicle thefts, while the state police regulation would deny a tow truck license plate to a person who has been convicted of vehicle insurance fraud. Statutes authorizing the imposition of penalties, or sanctions, are penal in nature and are to be strictly construed. Consolidated Distributors, Inc. v. United Group of National Paper Distributors, Inc., 32431 (La.App.2d Cir.10/27/99), 743 So.2d 862. Accordingly, the state police can only deny a license for vehicle insurance fraud when the conviction emanated from a felony vehicle theft. The bills of information in the instant matter simply refer to “theft of insurance proceeds,” and the remainder of the appellate record does very 14little to enlighten us as *287 to the facts underlying the charges.[1] Theft of insurance proceeds resulting from a staged accident would not fit under the authority given to the state police by the statute. As a result, applying the proper construction herein, we can only conclude that the Mooneys do not fall within the scope of the statutory licensing restrictions for convicted felons as set forth by the legislature. Consequently, we are compelled to reverse the trial court’s denial of injunctive relief to the Mooneys.
At the same time, it is not clear from the record before us whether the hearing and subsequent judgment of the trial court related to a preliminary injunction or to a permanent injunction. Accordingly, we hereby order that a preliminary injunction issue prohibiting the defendant from interfering with Kenneth Mooney’s use of his wrecker, as well as the operation of a wrecker by Douglas Mooney. The matter is hereby remanded to the trial court for further proceedings.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. In the guilty plea transcript of Kenneth Mooney, there is a vague reference to him having "a driver's license at all times during these accidents.”