669 So.2d 562 (1996)
Wanda MAXIE, et al.
v.
Louis McCORMICK, M.D., et al.
No. 95 CA 1105.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*563 Christopher J. Bruno, New Orleans, for Appellees, Wanda Maxie and Michael Jackson.
Michael W. Adley, Lafayette, Appellant and Counsel for Dr. Louis McCormick.
Paul D. Gibson, Lafayette, for Franklin Foundation Hospital.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
This is an appeal from a judgment imposing sanctions upon an attorney because he canceled the taking of an expert witness's deposition.

FACTS AND PROCEDURAL HISTORY
Following the death of their newborn infant, plaintiffs, Wanda Maxie and Michael Jackson, filed a medical malpractice suit on July 17, 1991 against Dr. Louis McCormick and Franklin Foundation Hospital.[1] In preparation for trial, Michael Adley, counsel for Dr. McCormick, scheduled the discovery deposition of Dr. Steven Donn, an expert witness designated to testify at trial on behalf of the plaintiffs. The deposition was scheduled for May 24, 1994 at 5:00 p.m. in Ann Arbor, Michigan.
In light of other deposition testimony obtained, Mr. Adley decided on the morning of May 23, 1994, the day before the scheduled deposition, that Dr. Donn's deposition "was no longer necessary or desirable." Tracy Broussard, Mr. Adley's secretary, telephoned Dr. Donn's office to notify him that the deposition was being canceled. Following the telephone call, Ms. Broussard confirmed the cancelation by letter sent to Dr. Donn's office by facsimile transmission at 8:42 a.m.
Mr. Adley subsequently received a $2,050.00 bill from Dr. Donn, consisting of a $1,050.00 charge for Dr. Donn's 3.5 hours of preparation for the deposition and a *564 $1,000.00 deposition cancelation fee for canceling without 72 hour notice. With the bill, Dr. Donn enclosed his fee schedule which listed these charges.
When Dr. Donn was not paid, plaintiffs filed a "Rule for Expert Fees and Sanctions," asking that Dr. Donn's fees be assessed as costs and that Mr. Adley be sanctioned pursuant to La.C.C.P. arts. 863 and 1420 because his conduct in canceling the deposition was "irresponsible" and had "created an unnecessary and needless increase in the cost of this litigation." Following a hearing on July 22, 1994, the trial court rendered judgment, ordering that Mr. Adley pay $600.00 in sanctions to plaintiffs' counsel for the cancelation of Dr. Donn's deposition. No award of costs was made for Dr. Donn's fees. In reasons for judgment, the trial court stated,
The Court will assess $600 as sanctions against Mr. Adley, the attorney for Dr. Louis McCormick, for his dereliction in canceling the deposition of Dr. Steven Donn.... Had [Dr. Donn's] deposition been submitted to the Court, it may have been some assistance but since Mr. Adley cancelled the deposition, his actions caused Dr. Donn problems and caused the Court to waste time on two occasions because of the failure of Mr. Adley to properly prepare and present his case. It further caused the plaintiffs' attorney to travel twice from New Orleans to Franklin to appear at the hearing on the motions.
Mr. Adley appeals the judgment against him, asserting the following assignments of error:
1. The Trial Court erred when it imposed sanctions upon counsel for canceling a deposition, because there is no legal authority for the imposition of sanctions for the cancellation of a deposition.
2. The Trial Court erred in imposing sanctions upon counsel, because there was no evidence submitted to support the imposition of sanctions.
3. The Trial Court erred in awarding sanctions to plaintiffs' counsel, because plaintiffs' counsel was not a party to the rule for sanctions and had requested no relief. Additionally, there was no evidence submitted to support an award of sanctions to plaintiffs' counsel.
4. The Trial Court erred in the manner in which sanctions were calculated, because the Trial Court misinterpreted statements made at the hearing. Additionally, Article 1447 of the Louisiana Code of Civil Procedure permits only the recovery of attorney's fees and expenses incurred in attending a deposition.
The plaintiffs answered the appeal, praying that the judgment be affirmed and that Mr. Adley be ordered to pay the costs incurred in the trial and appellate courts.

TRIAL COURT'S AUTHORITY TO IMPOSE SANCTIONS
Mr. Adley argues that the trial court erred in sanctioning him for canceling Dr. Donn's deposition because there is no legal authority which allows for such. Although the trial court gave no statutory or jurisprudential basis for the sanctions, plaintiffs rely on La. C.C.P. arts. 863 and 1420 as the basis for the imposition of sanctions. It is plaintiffs' position that the notice of Dr. Donn's deposition was signed by Mr. Adley in violation of these articles.
Louisiana Code of Civil Procedure article 863 allows for the imposition of sanctions when an attorney or party has signed a pleading in violation of the certifications listed in article 863. However, La.C.C.P. art. 863, by its very terms, does not apply when the signature is affixed to a document which is not a pleading. According to La.C.C.P. art. 852, pleadings in civil actions consist of "petitions, exceptions, written motions, and answers." Because a notice of deposition does not fall within one of these categories, La.C.C.P. art. 863 is not applicable herein.
Regarding discovery matters, La. C.C.P. art. 1420 allows for the imposition of sanctions when an attorney or party has signed a request for discovery, or response or objection thereto, in violation of the certifications listed in article 1420. Because a notice of deposition is a request for discovery, La.C.C.P. art. 1420 is applicable herein, *565 and the trial court did have authority to impose sanctions under this article.

VALIDITY OF SANCTIONS
Mr. Adley next argues that the trial court erred in imposing sanctions upon him, because there was no evidence submitted to support the imposition of sanctions.
In order to impose sanctions under La.C.C.P. art. 1420, the trial court must factually find that a request for discovery was made which (1) was not consistent with the rules of discovery or was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, (2) was interposed for an improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation, or (3) was unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation. La.C.C.P. art. 1420(B). To determine the existence of a violation, the trial court should avoid the use of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the discovery request was signed. Murphy v. Boeing Petroleum Services, Inc. 600 So.2d 823, 826 (La.App. 3d Cir.1992).[2] In making the determination, the trial court is required to hold a contradictory, evidentiary hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. La. C.C.P. art. 1420(E).
In the present case, a hearing was held on July 22, 1994, at which time the trial court addressed the plaintiffs' rule for expert fees and sanctions. Contrary to plaintiffs' assertions, no evidence was submitted at the hearing by plaintiffs' counsel or on behalf of Mr. Adley. Although certain writings[3] were attached to the parties' submissions in support of and in opposition to the rule for expert fees and sanctions, these writings do not constitute evidence.[4] See La.C.E. arts. 401, 802, and 901; First Homestead Federal Savings and Loan Association v. Coleman, 446 So.2d 551, 553 (La.App. 3d Cir.1984).
Similar to the appellate standard of review used in analyzing La.C.C.P. art. 863 violations, a trial court's factual determination that La.C.C.P. art. 1420 was, or was not, violated is reviewed on appeal pursuant to the "manifest error" or "clearly wrong" standard. Cf. Penton v. Clarkson, 93-0657 (La. App. 1st Cir. 3/11/94), 633 So.2d 918, 925; Shahla v. City of Port Allen, 601 So.2d 746, 753 (La.App. 1st Cir.1992). However, a trial court's finding as to a sanctionable violation of La.C.C.P. art. 1420 may be reversed if the record furnishes no evidence to support the finding. Cf. Borne v. New Orleans Health Care, Inc., 616 So.2d 236, 239 (La.App. 4th Cir.1993).
Further, statutes which authorize the imposition of penalties, or sanctions, are to be strictly construed. Hart v. Allstate *566 Insurance Company, 437 So.2d 823, 827 (La. 1983) (La.R.S. 22:658, which authorizes penalties for an insurer's failure to timely pay claim, is penal in nature and must be strictly construed); Penton v. Clarkson, 633 So.2d at 923 (La.C.C.P. art. 2164, which provides for damages for frivolous appeal, is penal in nature and must be strictly construed). Thus, because La.C.C.P. art. 1420, authorizes the imposition of sanctions, it must be given a strict construction.
In the present case, there is insufficient evidence to support the trial court's finding that, at the time Mr. Adley signed the notice of Dr. Donn's deposition, he violated the requirements of La.C.C.P. art. 1420(B). That is, there is no evidence indicating that Dr. Donn's deposition was noticed for a purpose inconsistent with discovery rules, or that it was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Further, there is no evidence that the deposition was noticed for an improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation, or that it was unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. Although counsel representing both sides of this controversy gave argument at the hearing regarding the propriety of a sanction in this case, argument by counsel does not constitute evidence. Harrison v. Louisiana State University Medical Center, 623 So.2d 707, 709 (La.App. 4th Cir.1993).
In light of the strict construction that must be given to La.C.C.P. art. 1420, and the lack of evidence to support the trial court's judgment, we find that the trial court manifestly erred in assessing a sanction against Mr. Adley under the circumstances of this case. Because we reverse the judgment on these grounds, it is unnecessary to address Mr. Adley's assignments of error numbers three and four.

DECREE
Accordingly, for the foregoing reasons, the judgment of the trial court is REVERSED. The relief requested by the plaintiffs in their answer to the appeal is DENIED. Costs of the appeal are assessed to the plaintiffs.
NOTES
[1] Plaintiffs later added Louisiana Medical Mutual Insurance Company and the Louisiana Patient's Compensation Fund as defendants.
[2] Although Murphy v. Boeing Petroleum Services, Inc. deals with the imposition of sanctions under La.C.C.P. art. 863, the purpose and language of La.C.C.P. arts. 863 and 1420 are virtually identical, except that the former deals with pleadings and the latter with discovery. Zatzkis v. Zatzkis, 632 So.2d 302, 305-306 (La.App. 4th Cir.1993). Thus, reference to jurisprudence interpreting La. C.C.P. art. 863 serves as helpful guidance for the decision of cases interpreting La.C.C.P. art. 1420, as is the case herein.
[3] The following writings were attached to plaintiffs' rule for expert fees and sanctions: (1) a copy of Dr. Donn's fee schedule and (2) a copy of Dr. Donn's billing statement. The following writings were attached to Mr. Adley's opposition to the rule: (1) copies of three notices of depositions, (2) a letter from Mr. Adley to Dr. Donn regarding the cancelation of his deposition, (3) the facsimile transmission log from Mr. Adley's office indicating the time the letter was faxed to Dr. Donn, (4) a letter from Dr. Donn to Mr. Adley explaining Dr. Donn's billing statement, (5) an affidavit by Tracy Broussard, Mr. Adley's secretary, and (6) an affidavit by Mr. Adley.
[4] Under La.C.C.P. art. 853, a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Therefore, the writings attached to plaintiffs' rule for expert fees and sanctions (which is a pleading) are a part of the rule but do not constitute evidence. The writings attached to Mr. Adley's opposition to plaintiffs' rule are not part of the opposition because an opposition is not a pleading (see La.C.C.P. art. 852) and also do not constitute evidence.