|! DOWNING, J.,
concurring in part.
I concur in remanding this matter for a determination of sanctions under La. C.C.P. art. 863 without suggesting that such sanctions are appropriate or inappropriate. I disagree with the proposition that the East Baton Rouge Family Court has any authority to impose sanctions pursuant to La. R.S. 13:1706 G under the facts of this case. This section provides in pertinent part as follows:
If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, in- *287 eluding attorneys’ fees, incurred by other parties or their witnesses.
This is a penal statute apparently intended to sanction abuse of the legal system. Statutes which authorize the imposition of penalties, or sanctions, are to be strictly construed. Maxie v. McCormick, 95-1105, p. 6 (La.App. 1st Cir.2/23/96), 669 So.2d 562, 565-66.
Louisiana Revised Statute 13:1706 G authorizes sanctions when a party brings an action in a clearly inappropriate forum, not when an action is brought in a forum lacking jurisdiction. The trial court did not rule on the appropriateness of the forum. It ruled it lacked jurisdiction. Strictly interpreting La. R.S. 13:1706 G, I find no provision for imposing sanctions on a party who files an action in a forum lacking jurisdiction.
I agree with the policy and principles set forth in the above opinion. I believe, however, that instability and unfairness in interstate custody cases can be adequately discouraged through the use of sanctions afforded under La. C.C.P. art. 863 when other sanctions are not provided statutorily. We cannot liberally construe statutes that are penal in nature even for the best of policy reasons.