J^SUSAN M. CHEHARDY, Judge.
| ¿This appeal arises in a suit for divorce by Jaylia Beard against Milton Beard. Jaylia Beard and her attorney seek review of a judgment that granted sanctions against them arising out of Jaylia Beard’s Motion to Compel Discovery issued against Milton Beard’s employer, American Sprinkler Company, Inc.[1] Finding there was no evidence introduced to support the sanctions award, we reverse.
PROCEDURAL HISTORY
In her Petition for Divorce filed on June 22, 2000, Jaylia Beard sought divorce, alimony, and partition of the community property.[2] Her attorney throughout these proceedings has been Ellen Cronin Ba-deaux. On January 2, 2001, Badeaux filed a subpoena duces tecum on behalf of Beard directed to American Sprinkler Company (hereafter “American Sprinkler”), requesting specified documents relating to possible income earned by Milton Beard in 2000.
On April 4, 2001, the district court issued a Notification of Date Set to Ba-deaux, advising that Beard’s Motion for Permanent Spousal Support had been fixed for hearing on May 9, 2001.
|3On May 3, 2001 Badeaux, on behalf of Beard, filed a Notice of Records Deposition directed to American Sprinkler. The notice stated the deposition would take place at 10:00 a.m. on May 7, 2001 at Badeaux’s office and sought production of various documents related to Milton Beard’s income or potential income. The return on service shows the Notice of Deposition was served on American on the same day on which it was set, May 7, 2001.
On May 4, 2001 a subpoena duces tecum issued to the president of American Sprinkler at Badeaux’s request, commanding production in open court on May 9, 2001 of the same items listed in the Notice of Records Deposition. The return on service shows that the subpoena duces tecum *47 was served on American Sprinkler on May 8, 2001.
On May 7, 2001 Beard filed a Motion to Compel Response to Subpoena Duces Te-cum and Records Deposition and for Contempt, in which she alleged that she had served a subpoena duces tecum on American Sprinkler on January 2, 2001; that she had served a notice of records deposition on American Sprinkler on April 30, 2001; and that American Sprinkler had refused to respond to those requests. On May 8, 2001 the court signed an order setting the Motion to' Compel for hearing on July 16, 2001.
On May 9, 2001 American Sprinkler filed a Motion to Vacate Subpoena and for Sanctions, on the basis that it was served with the subpoena less than 24 hours prior to a hearing that had been scheduled for several weeks, that it had insufficient time within which to compile and produce the records, that some items of the subpoena are proprietary and not germane, that it had already advised Beard in response to the January 2001 subpoena duces tecum that none of the ^subcontracts are with Milton Beard, and that item 4 of the subpoena had already been satisfied.
The court minutes for May 9, 2001 indicate that the Motion for Spousal Support was heard, that a consent judgment was dictated into the record, and that a judgment was to be submitted. The minutes also indicate that the Motion to Compel was continued to July 16, 2001 and that notices were waived.
However, according to statements in the parties’ briefs, apparently the court actually vacated or quashed the subpoena and subpoena duces tecum issued to American Sprinkler, denied the Motion for Sanctions, and dismissed the Motion to Compel.
Those rulings are not reflected in either the minutes or the transcript of the May 9 proceeding. The transcript consists only of a consent judgment regarding spousal support, dictated into the record by the parties’ counsel. Nevertheless, the judge later signed two judgments that disposed of the discovery/sanetions issues.
On May 11, 2001 the court signed a judgment submitted to it by American Sprinkler, granting American Sprinkler’s Motion to Vacate the subpoena duces te-cum issued to it and the personal subpoena issued to its president. In that judgment the court denied American Sprinkler’s Motion for Sanctions, on the basis that the parties had resolved the issues that led to issuance of the subpoenas. The May 11 judgment, however, recited the date of the hearing erroneously (as April 9 rather than May 9).
Accordingly, on June 29, 2001, Badeaux submitted another judgment on the Motion for Sanctions and the Motion to Compel, which ordered that the subpoena and subpoena duces tecum served on American Sprinkler be quashed, that the | .^Motion for Sanctions filed by American Sprinkler be dismissed, and that the Motion to Compel against American Sprinkler be dismissed by consent. The trial court signed that judgment on July 9, 2001.
On July 10, 2001 counsel for American Sprinkler filed a “Memorandum in Opposition to Compel [sic] and Request for Sanctions,” asserting that the Motion to Compel should be dismissed because the January subpoena had already been satisfied, the subpoena for the records deposition was not served timely, and the records requested were the subject of a judgment of the court vacating a subpoena requesting the same records. In addition, American Sprinkler asserted the court should sanction Beard and her counsel for violating La.C.C.P. art. 863 by filing pleadings not grounded in fact, not *48 warranted by existing law, and not filed in good faith.
This was American Sprinkler’s second request for sanctions, because its prior request had been dismissed in both the judgment drafted by American Sprinkler’s counsel (which was signed by the district judge on May 11, 2001) and in the judgment drafted by Beard’s counsel (which was signed by the district judge on July 9, 2001). There is nothing in the record to show that counsel for Beard was ever served with notice of the second request for sanctions in the manner required by La.C.C.P. art. 1914.[3]
On July 16,' 2001, Beard’s Motion to Compel came for hearing. The minutes and transcript of the July 16 hearing show that counsel for Jaylia Beard |fiwas not present when the matter came before the court. Counsel for American Sprinkler explained to the court that although the subpoena duces tecum had been dismissed in May, nevertheless Beard’s attorney subsequently had served the Motion to Compel on American. American’s counsel further advised the court that he immediately wrote to Beard’s counsel to remind her that the court had already quashed the subpoena and that he would move for sanctions if she did not dismiss the Motion to Compel. The hearing consisted only of argument by American Sprinkler’s counsel. No evidence, either documentary or testimonial, was introduced.
The district judge denied the Motion to Compel and granted American Sprinkler’s request for sanctions.[4] By a judgment signed on July 18, 2001, the court dismissed the Motion to Compel and ordered that sanctions issue pursuant to La.C.C.P. art. 863 and that Beard and Badeaux be ordered to pay American Sprinkler its reasonable expenses incurred because of the filing of the Motion to Compel, including attorney’s fees in the amount of $500.00.
On July 19, 2001 Badeaux filed a Motion for New Trial, to Stay, and for Sanctions. She asked for a new trial of American’s request for sanctions, a stay of the order for payment of American Sprinkler’s attorney’s fees, and a show-cause hearing regarding dismissal of American Sprinkler’s request for sanctions. She sought to have the sanctions imposed .on July 16, 2001 vacated and to have the court award sanctions and attorney’s fees against American Sprinkler. The trial court granted the Motion to Stay the sanctions already imposed and set hearing of the Motion for New Trial on September 17, 2001.
|7At the hearing of the new trial motion, neither side presented evidence. Counsel again presented only argument in support of the opposing positions. Neither party introduced into evidence the documents to which they referred in their arguments, which had been attached to their various pre-hearing memoranda.
On September 19, 2001 the court rendered a judgment denying the motions for new trial, to stay, and for sanctions. Beard and Badeaux filed a suspensive appeal.[5]
*49 ISSUES ON APPEAL
Beard raises the following issues:
1. Whether the trial court erred on July 16, 2001 when it sanctioned Appellant and her counsel for failing to dismiss a Motion to Compel which had already been dismissed on May 9, [by judgment] filed June 26, and signed July 9, 2001;
2. Whether the trial court erred on September 17, 2001, when it failed to grant Appellant’s Motion for New Trial of the sanctions imposed on July 16, 2001;
3. Whether the trial court erred on September 17, 2001, when it failed to sanction Appellee for misrepresenting to the court on July 16, 2001:
A. that Appellant’s Motion to Compel had not been dismissed, which it had on May 9, [by judgment] filed on June 26, and signed on July 9, 2001.
B. that the Motion to Compel was filed after the Pretrial Conference on May 9, 2001, and not before ....
Beard complains on appeal that although the Motion to Compel had been dismissed, a minute clerk erroneously scheduled it for hearing, which resulted in |sAmerican Sprinkler’s filing of the Motion for Sanctions. Appellant asserts that counsel for American SprinMer misled the court at the hearing on the Motion for Sanctions by stating that Beard’s Motion to Compel had been filed after the parties’ pretrial conference when, in fact, it had been filed before the pretrial conference. Beard further contends the trial court erred in sanctioning her for failing to dismiss the motion, when it had already been dismissed (although the judgment was not signed until two months after the ruling, one day before American Standard filed its Motion for Sanctions). Beard blames the problems on the lengthy absence of the trial court’s regular minute clerk due to illness.
In response, American Sprinkler notes that neither Beard nor her counsel appeared on the day set for hearing of the motion. American Sprinkler notes, further, that it filed its Motion for Sanctions originally because not only was Beard’s Motion to Compel filed three days before the return on the subpoena duces tecum was filed, but also the Motion to Compel states, incorrectly, that the subpoena duces tecum was served on a date four days prior to the date the subpoena duces tecum actually was issued.[6]
Each side accuses the other of misrepresenting the facts. In her reply brief Beard asserts that the sanctions were granted not because her Motion to Compel was frivolous or without merit, but because American Sprinkler misrepresented to the court that her Motion to Compel had been filed after the pretrial conference, |flalthough it had been filed previously, and that it had not been dismissed before the July 16, 2001 hearing, although it had in fact been dismissed prior to that date.
At the hearing of the Motion for New Trial, the district judge commented:
Well, ... communication is the thing that’s not present. This is why we have professionalism.... Based on the totali *50 ty of the circumstances, I’m going to deny the motion for a new trial. I believe, especially, this stuff has to be sent out ahead, especially a non-party. You’ve got a non-party. They are not involved in your stuff. Maybe they are tangentially involved, but they’re a non-party.
The- clerk’s not going to send me anything. They are not going to send them normal judgment in a domestic case. They are not. They are going to go on the other side. This person is not going to be listed there as a party. And if you choose to bring them in there, the best way to do it is get on the phone or email nowadays, anything, talk to the other side so we don’t have to do this.
LAW AND ANALYSIS
The ‘ documents involved in American Sprinkler’s request for sanctions included both discovery documents (the notice of deposition and the subpoena duces tecum) and the Motion to Compel. Accordingly, both La.C.C.P. art. 868 and La.C.C.P. art. 1420 apply.
La.C.C.P. art. 863 provides, in pertinent part, that the signature of an attorney on a pleading constitutes a certification that the pleading is grounded in fact, warranted either by existing law or a good-faith argument for change of existing law, and not interposed for any improper purpose. Article 868 provides further that when a court determines that a certification was made in violation of Article 863, the court shall impose sanctions upon the person who made the certification or the represented party or both.
|inHowever, Article 863 does not apply when the document involved is not a “pleading.” Maxie v. McCormick, 95-1105 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 564. “According to La.C.C.P. art. 852, pleadings in civil actions consist of ‘petitions, exceptions, written motions, and answers.’ Because a notice of deposition does not fall within one of these categories, La.C.C.P. art. 863 is not applicable herein.” Id.
La.C.C.P. art. 1420 governs the signing of discovery requests and sanctions for certifications in violation thereof. It is similar to Article 863. It requires that every request for discovery, or response or objection thereto, made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name. La.C.C.P. art. 1420(A). Like Article 863, it provides that the signature of an attorney or party constitutes a certification by him that to the best of his knowledge, information, and belief the request, response, or objection is consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and not unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. La.C.C.P. art. 1420(B).
Under Article 1420, like Article 863, where the court determines that a certification has been made in violation of the article’s provisions, the court may award sanctions. La.C.C.P. art. 1420(D). However, a sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or hislncounsel may present any evidence or argument relevant to the issue of imposition of the sanction. La.C.C.P. art. 1420(E).
To impose sanctions under either La.C.C.P. arts. 863 and 1420, however, the *51 trial court must factually find that the pleadings or discovery requests did not comply with the articles’ requirements— that is, that they were not consistent with the rules of discovery or not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, were interposed for an improper purpose, or were unreasonable, unduly burdensome, or expensive. La.C.C.P. arts. 863(B) and 1420(B); Sanchez v. Liberty Lloyds, 95-0956 ,(La.App. 1 Cir. 4/4/96), 672 So.2d 268, 272, writ denied, 96-1123 (La.6/7/96), 674 So.2d 972; Maxie, 669 So.2d at 565.
. To determine the existence of a violation, the trial court should avoid the use of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time, the discovery request was' signed. Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823, 826 (La.App. 3d Cir.1992). In making the determination, the trial court is required to hold a contradictory, evi-dentiary hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. La.C.C.P. art. 1420(E).
Proof of violation of the certification articles should be by presentation of evidence at the hearing on the motion for sanctions. See, e.g., Montalvo v. Montalvo, 592 So.2d 904 (La.App. 5 Cir.1991). Here, however, no evidence was submitted at the hearing by American Sprinkler’s counsel. , Although various documents were attached to American Sprinkler’s memorandum opposing the | ^Motion to Compel, those writings do not constitute evidence. See La.C.E. arts. 401, 802, and 901; Maxie v. McCormick, 669 So.2d at 565, n. 3 and n. 4; First Homestead Federal Savings and Loan Association v. Coleman, 446 So.2d 551, 553 (La.App. 3d Cir.1984).
Similar to the appellate standard of review used in analyzing La.C.C.P. art. 863 violations, a trial court’s factual determination that La.C.C.P. art. 1420 was, or was not, violated is reviewed on appeal pursuant to the “manifest error” or “clearly wrong” standard. However, a trial court’s finding as to a sanctiona-ble violation of La.C.C.P. art. 1420 may be reversed if the record furnishes no evidence to support the finding.
Further, statutes which authorize the imposition of penalties, or sanctions, are to be strictly construed. Thus, because La.C.C.P. art. 1420, authorizes the imposition of sanctions, it must be given a strict construction. [Citations omitted.]
Maxie v. McCormick, supra, at 565-566.
Although counsel representing both sides of this controversy gave argument at the hearing on the Motion for New Trial regarding the propriety of a sanction in this case, argument by counsel does not constitute evidence. Clark v. City of Hammond, 00-673 (La.App. 1 Cir. 8/10/00), 767 So.2d 882, 883 n. 1; Maxie, 669 So.2d at 566; Harrison v. Louisiana State University Medical Center, 623 So.2d 707, 709 (La.App. 4th Cir.1993).
Strict construction of a penal statute requires that it be interpreted against imposition of penalty. Albe v. Albe, 97-1042 (La.App. 4 Cir. 11/19/97), 703 So.2d 756, 759-760. Imposition of the statutory sanctions in this case, which appears to have arisen as much from clerical error within the court as from error and lapse in communication by the parties, does not advance the statutory .purpose and is inappropriate under the totality of circumstances. Id.
Like discovery motions, a judgment is not listed as pleading in La.C.C.P. *52 art. 852. • Although it is a widely accepted practice in district courts for the prevailing party to draft a judgment following a hearing or trial, it is the- responsibility of the court to produce the judgment. -There is no requirement that a judgment bear the certificate of service or that it be served by the party who submitted the draft judgment to the court. Rather; under La. C.C.P. art. 1914, -it is the responsibility of the clerk of court to provide parties with notice of interlocutory judgments. No such notice was issued on the July 9, 2001 judgment submitted by Beard -that dismissed the. Motion to Compel.
' The problem in this case may have arisen from the fact that the opponent on the Motion to Compel, American Sprinkler, was a witness rather than a party to the suit. We cannot find any statute or article, however, that places a duty on the mover, Beard, to ensure that thé clerk of court served. American Sprinkler with notice of the judgment.
DECREE
Considering that .statutory sanctions must be given strict construction and that no evidence was introduced to support the judgment in this case, we find the trial court was clearly wrong in awarding sanctions against Beard and Badeaux under the circumstances here. Accordingly, the judgment is reversed.

REVERSED.

. A judgment that imposes sanctions pursuant to La.C.C.P. art. 863 is a final judgment for purposes of appeal. See La.C.C.P. art. 1915(A)(6) and Comment — 1999 following that article.

. Milton Beard is not directly involved in the proceedings now on appeal; therefore, any mention of "Beard” in this opinion refers to Jaylia Beard.

.A hearing on sanctions pursuant to La. C.C.P. art. 864 is a summary proceeding. See La.C.C.P. art. 2592. As such, it does not require citation, but a copy of the pleading invoking it and of any court order assigning the date and hour for hearing it must be served upon the defendant. Because it requires an appearance, service by mail is not authorized and sheriffs service is required. See, e.g., Barrios v. Banios, 95 1390 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 294, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691.

. The district judge stated, “[Y]ou're right, because last time I gave them a break and didn't impose sanctions.”

. For convenience, hereafter they are jointly referred to as "Beard.”

. American Sprinkler also complains that Beard’s brief does not comply with the Uniform Rules, Louisiana Courts of Appeal, Rule 2-14.1, because it does not contain a certificate of service that lists all parties and all counsel and does not in other respects comply with specific requirements of the rule. American Sprinkler asserts that the brief should be stricken and oral argument denied, pursuant to URCA 2-12.13. However, we find that issue moot because the copy of the brief filed with this Court does contain a certificate of service, indicating copies were mailed to counsel for all parties on January 24, 2002.