STEPHEN J. WINDHORST, Judge.
12Appellants/defendants, Banu Gibson, David Podewell, and State Farm Mutual Automobile Insurance Company, appeal the trial court’s judgment awarding sanctions, attorney’s fees, and costs to appel-lee/non-party, Orthopedic Care Center of Louisiana (“OCCL”), and against appellants. For the reasons that follow, the trial court’s judgment is vacated and we grant appellants’ exception of no right of action dismissing appellee’s motion for sanctions.
Facts and Procedural History
On June 27, 2011, plaintiffs, Deadre Thiel and Germaine Dyer, were involved in a motor vehicle accident. Plaintiffs filed a petition for damages seeking monetary damages for personal injuries suffered. Following the accident, plaintiffs sought treatment with Dr. David Wyatt. Dr. Wyatt’s practice is conducted through the medical entity, OCCL. This appeal involves a discovery dispute between appellants and OCCL.
After initially conducting discovery, appellants contend they became aware of evidence that suggested Dr. Wyatt may be influenced by bias and financial | amotive in his treatment of personal injury plaintiffs. As a result, appellants deposed Dr. Wyatt to determine the nature of his “discounting” and whether he maintains contingent financial relationships with law firms, including plaintiffs’ counsel, the Womac Law Firm. Based on the testimony of Dr. Wyatt in his deposition, appellants determined that OCCL, a non-party, was the only source to obtain discovery from concerning OCCL’s billing process or protocols and any contingency fee relationship with plaintiffs counsel. Appellants then noticed the taking of a La. C.C.P. art. 1442 deposition of OCCL, and issued a subpoena duces tecum. In response, OCCL filed a motion to quash subpoena duces tecum, for issuance of a protective order, and for sanctions.
On November 20, 2013, the trial court granted OCCL’s motion to quash and awarded sanctions in favor of OCCL and against appellants. The trial court issued written reasons on December 17, 2013. Appellants filed an application for a supervisory writ to this Court. On February 11, 2014, this Court reversed the trial court’s award of La. C.C.P. art. 1420 sanctions.[1]
*377 After this Court’s reversal of sanctions, OCCL filed a motion to re-set its motion for sanctions to “comply” with this Court’s prior writ disposition.[2] The trial court reset the motion for sanctions after the date for the trial on the merits. The parties subsequently settled the case. On August 5, 2014, the trial court held a hearing on OCCL’s motion to re-set motion for sanctions and appellants’ motion to compel attorney testimony during motion for sanctions. On |4August 6, 2014, the trial court rendered judgment in favor of OCCL and against appellants awarding OCCL sanctions, attorney’s fees, and costs.[3] Appellants filed this timely appeal.
In this appeal, appellants contend that: 1) the trial court was clearly wrong when it awarded discovery sanctions, attorney’s fees, and costs to OCCL where appellants were attempting to conduct discovery regarding the potential bias and financial motive and the credibility of plaintiffs’ health care providers, grounds for impeachment and cross-examination, and the actual amount of damages that may have been legally recoverable; 2) the trial court was clearly wrong, and abused its discretion, when it awarded discovery sanctions, attorney’s fees, and costs and disregarded appellants’ demonstration of good cause and a legitimate, good faith justification for the requested discovery; and 3) the trial court was clearly wrong, and abused its discretion, when it found that the sole purpose of appellants’ discovery requests was to “harass” and cause “unnecessary attorney’s fees and costs.” Upon leave of this Court, appellants were granted permission to file, for the first time, an exception of no right of action.
Discussion
A trial court’s factual determination as to whether La. C.C.P. art. 1420 was violated is reviewed on appeal pursuant to the manifest error standard. Beard v. Beard, 01-1381 (La.App. 5 Cir. 5/15/02), 821 So.2d 45, 51.
La. C.C.P. art. 1420 governs the signing of discovery requests and sanctions for certifications that are in violation thereof. Beard, 821 So.2d at 50. Article 1420 is similar to La. C.C.P. art. 863 in that it requires that every request for discovery, or response or objection thereto, made by a party represented by an Isattorney shall be signed by at least one attorney of record in his individual name. Id.; citing La. C.C.P. art. 1420A. Additionally, like Article 863, Article 1420 provides “that the signature of an attorney or party constitutes a certification by him that to the best of his knowledge, information, and belief the request, response, or objection is consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *378 not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and not unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.” Id., citing La. C.C.P. art. 1420B.
Article 1420, like Article 863, provides in part:
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. (Emphasis added.)
Thus, while a trial court may impose sanctions against a party or “the person who made the certification,” the request for sanctions may only be heard or determined “upon motion of any party ” or on the court’s own motion. (Emphasis added.) See Voitier v. Guidry, 14-276 (La.App. 5 Cir. 12/16/14), 166 So.3d 262, 2014 La.App. LEXIS 2982.[4]
Statutes which authorize the imposition of penalties, or sanctions, are to be strictly construed. Maxie v. McCormick, 95-1105 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 565. Because La. C.C.P. art. 1420 authorizes the imposition of sanctions, it must be strictly construed. Fauria v. Dwyer, 02-2320, 02-2418 (La.6App. 4 Cir. 9/24/03), 857 So.2d 1138, 1146. Similar to Article 863, we interpret the clear statutory language of Article 1420 to state that only a party or the court may bring an action for sanctions against either another represented party or the attorney who made the certification on a discovery request. The exception of no right of action is peremptory and can be brought at any time, including on appeal. Dufrene v. Ins. Co. of the State of PA., 01-47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, 668, writ denied, 01-2261 (La.11/16/01), 802 So.2d 611, unit denied, 01-2308 (La.11/16/01), 802 So.2d 613, citing Lambert v. Donald G. Lambert Constr. Co., 370 So.2d 1254 (La. 1979). It is undisputed that OCCL is not a party in this proceeding. Therefore, we find that OCCL had no right of action for sanctions against appellants.
Accordingly, because we find that the trial court had no authority to award OCCL sanctions, attorney’s fees, and court costs, appellants’ assignments of error are rendered moot.
Decree
For the reasons stated above, the portion of the trial court’s judgment granting OCCL’s motion for sanctions and awarding OCCL sanctions, attorney’s fees, and court costs is vacated. We further grant appellants’ exception of no right of action dismissing OCCL’s claims against appellants.
JUDGMENT VACATED; EXCEPTION OF NO RIGHT OF ACTION GRANTED.
JOHNSON, J., dissents with reasons.

. This Court granted appellants' writ in part finding:
Upon review of the application, we find that the trial court was clearly wrong in grant *377 ing sanctions under La. C.C.P. art. 1420(D) where no evidence was admitted at the hearing. See Beard v. Beard, 01-1381 (La.App. 5 Cir. 5/15/02), 821 So.2d 45, 51. Therefore, the trial court’s judgment imposing sanctions under La. C.C.P. art. 1420(D) is hereby reversed.

. OCCL’s motion to re-set only states that it is re-setting the motion for sanctions for an evi-dentiary hearing. However, in opposition to appellants’ motion to compel attorney testimony during the motion to re-set motion for sanctions, OCCL argued that it re-set the motion for sanctions “for an [sic ] contradictory, evidentiary hearing so as to comply with the Firth Circuit’s Judgment.” This Court's reversal of the award of sanctions to OCCL did not remand the case for further proceedings, nor was OCCL ordered to re-set its motion for sanctions for an evidentiary hearing.

. The trial court granted OCCL’s motion for sanctions and awarded OCCL sanctions in the amount of $3,500.00; attorney’s fees in the amount of $15,510.00; and court costs in the amount of $949.00.

. While Voitier was decided based on Article 863, we find that the reasoning and logic behind this Court’s decision in Voitier is applicable to Article 1420 in this case.