McClendon, j.
|2In this appeal, we review a judgment that granted a motion to quash a subpoena duces tecum and for sanctions. For the following reasons, we amend, and, as amended, affirm.
FACTUAL AND PROCEDURAL HISTORY
Christopher J. Bourgeois filed a petition for divorce from Dana Benintende Bourgeois on September 25, 2009. The divorce was granted on January 10, 2011, and the parties were awarded joint custody of their three children. In response to a motion to modify child support filed by Mr. Bourgeois, Ms. Bourgeois sought the financial records of Mr. Bourgeois. On April 2, 2012, she filed a request for the issuance of a subpoena duces tecum upon Regions Bank for the banking records of Mr. Bourgeois commencing January 1, 2011. On April 3, 2012, in connection with the subpoena duces tecum request, Ms. Bourgeois filed into the record a notice of records deposition to Regions Bank.[1]
Also, on April 3, 2012, Ms. Bourgeois filed a motion to compel, asserting that on January 3, 2012, she served upon Mr. Bourgeois Interrogatories and Requests for Production. Ms. Bourgeois contended that Mr. Bourgeois did not respond to the discovery requests until the afternoon of February 28, 2012, and that the discovery responses “were wholly insufficient.” Ms. Bourgeois continued:
[Mr. Bourgeois’] responses included claims that documents had already been produced, which in fact had not been produced, and promises were made to supplement the discovery, which was never done. Additionally, responses to Interrogatories were insufficient, including requests for contact information that would have allowed [Ms. Bourgeois] to conduct further discovery of employers, and financial accounts of [Mr. Bourgeois], which are central issues in [Ms. Bourgeois’] rule for reduction in child support. The discovery insufficiencies were discussed at the February 29, 2012 [hearing on the parties’ objections to the hearing officer’s report], to which [Mr. Bourgeois’] counsel confirmed that no further discovery responses would be provided and [Ms. Bourgeois’] recourse would be a Motion to Compel.
|sMs. Bourgeois further alleged that Mr. Bourgeois had failed to provide any supplemental responses to the interrogatories and requests for production of documents, other than the original responses provided on February 28, 2012.
In response, on April 19, 2012, Mr. Bourgeois filed a Motion to Quash Subpoena Duces Tecum and for Sanctions asserting that Ms. Bourgeois failed to follow the requirements for the production of bank records as set forth in LSA-R.S. 6:333. Mr. Bourgeois also maintained that the motion to compel was ambiguous, failed to address the sufficiency of any of his discovery responses, and was filed without attempting to schedule a 10.1 conference to discuss any discovery concerns.[2] Mr. *4 Bourgeois stated that at no time between the delivery of the discovery responses on February 28, 2012, and April 12, 2012, when he received the motion to compel and the subpoena duces tecum requests, did his counsel receive a letter or telephone call in relation to the sufficiency of his discovery responses or the scheduling of a 10.1 conference. Mr. Bourgeois asserted that the motion to compel was presented for an improper purpose, such as, to upset the trial date or to needlessly increase the cost of the litigation. He further asserted that the motion was not warranted by existing law, and he sought attorney fees and costs incurred in connection therewith.
The matter came for hearing on June 4, 2012, on Mr. Bourgeois’s Motion to Quash Subpoena Duces Tecum and for Sanctions. Oral argument was presented, and the trial court took the matter under advisement. On July 3, |42012, the trial court issued its written reasons for judgment, granting the motion to quash and motion for sanctions. Ms. Bourgeois’ attorney, Elizabeth S. Robins, was sanctioned in the amount of $1,928.25, representing attorney fees and costs incurred by Mr. Bourgeois in response to the subpoena duces tecum and the motion to compel. Judgment in conformity with the reasons was signed on July 18, 2012, and Ms. Bourgeois appealed.
DISCUSSION

Motion to Quash

In her appeal, Ms. Bourgeois initially asserts that the trial court erred in granting the motion to quash, as there was no procedural error in her request for the subpoena duces tecum to the bank and the bank records requested were highly relevant and not confidential.
The exclusive method for obtaining records from a bank is found in LSA-R.S. 6:383. Dana Johno, LLC v. Centennial Ins. Co., 04-1658 (La.App. 4 Cir. 12/1/04), 891 So.2d 32, 34. Subsection C allows a bank to disclose financial records pursuant to a disclosure demand, but only if the statutory requirements are met prior to such disclosure. Louisiana Revised Statutes 6:333 provides, in pertinent part:
C. A bank may disclose financial records pursuant to a disclosure demand if each of the following conditions are met:
(1) The disclosure demand is served on the bank’s president, one of the bank’s registered agents for service of process, or, if applicable, on the bank’s counsel of record unless such service on such individuals is expressly waived by the bank.
(2) Prior to the return date, the person requesting the issuance of the disclosure demand furnishes the bank with an affidavit certifying both of the following:
(a) That such disclosure demand, or a certified copy thereof, has also been personally served upon each customer named in the disclosure demand to whom the financial records being sought pertain or upon such customer’s counsel of record in accordance with Subsection D of this Section.
*5 (b) That such service was made at least fifteen business days prior to the return date.
| s(3) The bank has not received written notice that a customer to whom the financial records pertain has taken legal action to enjoin or otherwise restrain the release of the financial records.
D. Service of a disclosure demand, or certified copy thereof, on any customer shall be made by utilizing any applicable method for service of citation on said customer authorized by the Code of Civil Procedure, including Articles 1281 through 1265. However, any such service may be made by an individual who is not a party and who is at least eighteen years of age, rather than by the sheriff. Service on any customer’s counsel of record shall be made by personal service in the office of such counsel of record on either his secretary, as defined in Code of Civil Procedure Article 1235(C), or any partner or office associate of such counsel of record. Service on a customer or on his counsel of record may be made within or without the state of Louisiana.
In its written reasons, the trial court found no proof that the disclosure demand was personally served upon the customer, Mr. Bourgeois, or his counsel of record, as required by the statute. The court stated that “[m]ailing a copy of the letter requesting the subpoena duces tecum to [Mr. Bourgeois’] counsel of record does not comply with the statute as the statute specifically requires service of the disclosure demand through the Sheriff or a private process server.” Additionally, the trial court found no proof that the disclosure demand was personally served upon either Mr. Bourgeois or his counsel of record at least fifteen days prior to the return date as required by the statute. Lastly, the trial court found that no evidence was offered showing that Ms. Bourgeois or her counsel served Regions Bank with the affidavit required under LSA-R.S. 6:333C(2). Finding that Ms. Bourgeois failed to comply with the requirements of LSA-R.S. 6:333, the trial court granted the motion to quash.
It is well-settled that a court of appeal may not set aside a trial court’s findings of fact in the absence of manifest error or unless it is clearly wrong. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. Upon our thorough review of the record we find no manifest error in the factual findings of the trial court. Accordingly, we find no error in the granting of the motion to quash.
| ^Motion for Sanctions
The trial court awarded $1,928.25 as sanctions, which represented attorney fees in the amount of $1,662.50 and $265.75 in costs relating to the motion to compel and the subpoena duces tecum issued to Regions Bank. Further, the court did not impose the sanction against Ms. Bourgeois, but against her attorney, Ms. Robins. Ms. Bourgeois contends that the trial court erred in improperly sanctioning her counsel pursuant to LSA-C.C.P. art. 863, because Article 863 does not apply to subpoena requests, as they are not “pleadings,” and Article 863 is used in only exceptional circumstances. Ms. Bourgeois also complains about the amount of the sanctions ordered.
Louisiana Code of Civil Procedure article 863 authorizes a court to impose sanctions upon an attorney, or a represented party, who signs pleadings without making an objective reasonable inquiry into the facts and the law. Brown v. Sanders, 06-1171 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 934. A trial court’s determination regarding the imposition of sanctions is subject to the mani *6 fest error or clearly wrong standard of review. Once the trial court finds a violation of LSA-C.C.P. art. 863 and imposes sanctions, the determination of the type and/or amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Slaughter v. Board of Sup’rs of Southern University and Agr. and Mechanical College, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469-70, unit denied, 11-2112 (La.1/13/12), 77 So.3d 970.
To impose sanctions, a trial court must find that one of the affirmative duties imposed by Article 863 has been violated. Slaughter, 76 So.3d at 470. Article 863 provides, in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
|7(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief....
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction....
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.
Article 863 does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. The article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Slaughter, 76 So.3d at 470.
In ruling on the motion for sanctions, the trial court noted that the motion to compel was filed after Ms. Bourgeois received the discovery responses. The trial court stated that the two bases for the motion to compel were that no contact information was provided about Mr. Bourgeois’ employers and that no financial accounts were produced. The trial court, however, found that the responses provided sufficient information concerning Mr. *7 Bourgeois’ employers that would have allowed Ms. Bourgeois to issue subpoenas to them, which she, |sin fact, did. The court also stated that, even though Ms. Bourgeois’ motion to compel did not specify what she meant by “financial accounts,” it would read the term broadly to include both credit card statements and bank accounts. The court found that Mr. Bourgeois’ responses included information concerning credit card statements, tax returns, and bank accounts. The court then stated that because there was no further specification as to how the discovery responses were insufficient and there was no notice to Mr. Bourgeois as to how he might have been able to cure the deficiencies beyond what he had already produced, it found that the motion to compel was filed frivolously and for the purpose of needlessly increasing the cost of litigation.
The trial court then stated:
[Mr. Bourgeois] is entitled to an award of sanctions for the amount of money he has incurred for the needless increase in the cost of this litigation. The Court notes that the Motion to Compel was filed after responses were provided by [Mr. Bourgeois] but no discovery conference was held after receipt of the responses and no specification given to [Mr. Bourgeois] as to how to cure the perceived but unstated deficiencies. Additionally, the Court finds that the failure to comply with the clearly stated requirements of Louisiana Revised Statute 6:333 is without excuse. The statute is clear and unambiguous.
Having thoroughly the record in this matter, we can find no manifest error in the trial court’s award of sanctions pursuant to LSA-C.C.P. art. 863 for the filing of the motion to compel.[3] A reasonable factual basis exists for the trial court’s decision, and we cannot say that it is was clearly wrong.
However, Ms. Bourgeois argues that an award of sanctions pursuant to LSA-C.C.P. art. 863 applies only to pleadings and that the trial court erred in imposing sanctions pursuant to Article 863 for the subpoena duces tecum requests. We agree. Article 863, by its very terms, does not apply when the signature is affixed to a document that is not a pleading. According to LSA-C.C.P. art. 852, pleadings in civil actions consist of “petitions, exceptions, written motions, and answers.” Because a letter requesting a subpoena duces tecum and a notice of deposition do not fall within one of these categories, LSA-C.C.P. art. 863 does not apply to these requests. See Maxie v. McCormick, 95-1105 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 564.
Nevertheless, LSA-C.C.P. art. 1420 allows for the imposition of sanctions when an attorney or party has signed a request for discovery, or response or objection thereto, in violation of the certifications listed in Article 1420.[4] Maxie, 669 *8 So.2d at 564. Although the trial court erred in imposing sanctions for the discovery requests under LSA-C.C.P. art. 863, upon our review of the record, we find that the notice of deposition and the letter requesting the issuance of a subpoena duces tecum, both signed by Ms. Robins, are requests for discovery sanctionable under LSA-C.C.P. art. 1420.[5] See Maxie, 669 So.2d at 564-65. The trial court found the failure to comply with the clear requirements of LSA-R.S. 6:383 was without excuse. Having thoroughly reviewed the record, we find hnno error in the trial court’s award of sanctions regarding the notice of deposition and the letter requesting the issuance of a subpoena duces te-cum.
Ms. Bourgeois next complains about the amount of the sanctions, asserting that the trial court erred in including $525.00 in attorney fees from Mr. Bourgeois’ February 2012 bill when those fees were incurred by Mr. Bourgeois prior to her motion to compel and requests for subpoenas duces tecum. Ms. Bourgeois also contends that the trial court erred in failing to reduce the award by the $592.00 amount in attorney fees assessed against Mr. Bourgeois, which he never paid.
We agree with Ms. Bourgeois that the $525.00 amount in attorney fees was improperly awarded to Mr. Bourgeois. In its written reasons, the trial court stated that the sanctions amount represented the attorney fees and costs Mr. Bourgeois incurred in connection with responding to the subpoena duces tecum and the motion to compel. However, the $525.00 amount was billed on February 29, 2012, for a pretrial conference and hearing on a motion to continue, scheduled on that date. Additionally, Ms. Bourgeois did not request the issuance of her subpoena duces tecum and did not file her motion to compel until April of 2012. We find that the trial court abused its discretion in including the $525.00 amount in its award of sanctions. Accordingly, we deduct that amount from the award of sanctions.
As to the $592.00 amount that Ms. Bourgeois asserts was owed but never paid by Mr. Bourgeois, we note that this issue was not raised at the trial court level. Because this argument was not raised in the trial court, we decline to address it for *9 the first time on appeal. See Uniform Rules-Courts of Appeal, Rule 1-3.
CONCLUSION
For the above and foregoing reasons, we amend the July 18, 2012 judgment of the trial court and reduce the amount of attorney fees and costs incurred by Mr. Bourgeois by $525.00 to $1403.25. In all other respects, the judgment is affirmed. Costs of this appeal shall be shared equally by the parties.
JUDGMENT AMENDED, AND, AS AMENDED, AFFIRMED.
PETTIGREW, J., Concurs.

. Ms. Bourgeois contended that Mr. Bourgeois voluntarily left his employment and that he had funds available for the payment of child support.

. A 10.1 conference refers to Rule 10.1 of the Louisiana District Court Rules, which provides, in pertinent part:
(a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with the opposing party or counsel and confirm the date by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed *4 upon or good cause exists for a shorter time period. If by telephone, the conference shall be initiated by the person seeking the discovery responses.
(b) No counsel for a party shall file, nor shall any clerk set for hearing, any motion to compel discovery unless accompanied by a "Rule 10.1 Certificate of Conference" ...
(c) If the court finds that the patties or counsel have failed to confer in good faith, or have willfully failed to confer, the court may impose, at its discretion, sanctions on the non-conferring party, including attorney fees and costs.

. Also see Rule 10.1(c) of the Louisiana District Court Rules regarding the imposition of sanctions on a non-conferring party.

. Louisiana Code of Civil Procedure art. 1420 provides, in pertinent part:
A. Every request for discovery, or response or objection thereto, made by a party represented by an attorney shall be signed by at least one attorney of record in his Individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and state his address.
B. The signature of an attorney or party constitutes a certification by him that he has read the request, response, or objection and that to the best of his knowledge, information, and belief formed after reasonable inquiry the request, response, or objection is:
*8 (1) Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(2) Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and
(3) Not unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. ...
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

. We note that while the trial court’s written reasons for judgment refer only to Article 863, and do not mention Article 1420, the judgment from which Ms. Bourgeois appeals does not refer to either Article 863 or Article 1420. Appeals are taken from judgments, not the reasons for judgment. Davis v. Farm Fresh Food Supplier, 02-1401 (La.App. 1 Cir. 3/28/03), 844 So.2d 352, 353-54.