## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 1026

## SUCCESSION OF BERYL PETRICH WILLOZ

*DATE OF JUDGMENT:*   JUL 0 5 2023

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 2021-30843, DIVISION H,

HONORABLE ALAN A. ZAUNBRECHER, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| James E. Moorman, III<br>Covington, Louisiana | Counsel for Plaintiff-Appellee<br>Desiree Willoz Drake |
| Tammy Karas-Griggs<br>Covington, Louisiana | Counsel for Appellee<br>Jessica L. Karr |
| Henry W. Kinney<br>New Orleans, Louisiana | Counsel for Defendant-Appellee<br>Karen Alexander |
| Henry W. Kinney<br>New Orleans, Louisiana | Counsel for Appellant<br>In Proper Person |

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **AFFIRMED IN PART AND REVERSED IN PART.**

Theriot, J concurs with reasons

**CHUTZ, J.**

Appellant, Henry W. Kinney, appeals a trial court judgment quashing a witness subpoena and a subpoena duces tecum and awarding sanctions against him. We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Beryl Petrich Willoz died on July 13, 2021. During the administration of her testate succession, one of her daughters, Karen Alexander, questioned the decedent's capacity to make a will and filed a petition to annul the probate of the decedent's will. Trial on that issue was set for May 3, 2022. On April 7, 2022, Mr. Kinney, in his capacity as Ms. Alexander's attorney, had a witness subpoena issued to Jessica Karr, an attorney, to appear at trial. The decedent was a former client of Ms. Karr, who represented her in an interdiction proceeding. In response, Ms. Karr filed a motion to quash the subpoena and for sanctions under La. C.C.P. art. 863 on the basis that Mr. Kinney failed to follow the procedure delineated in La. C.E. art. 508 to subpoena an attorney in a civil case. On April 21, 2022, the trial court quashed the subpoena and ordered Mr. Kinney to show cause on May 3, 2022, why sanctions should not be imposed on him under Article 863.

At Mr. Kinney's request, a second witness subpoena and a subpoena duces tecum were issued to Ms. Karr on April 25, 2022, directing her to appear to testify at trial on May 3, 2022 and to bring her entire file on the decedent for the period from January 1, 2015 to date. Ms. Karr filed a first supplemental motion for sanctions and a second motion to quash the subpoenas. Noting it was the second time Mr. Kinney had attempted to obtain privileged attorney-client information from her, Ms. Karr again requested that Mr. Kinney be sanctioned under Article 863 for this repeated behavior. The trial court ordered Ms. Karr's motions be heard on May 3, 2022. Following the hearing, the trial court signed a judgment on May 23, 2022, quashing the April 25, 2022 witness subpoena and subpoena duces

2

tecum and ordering Mr. Kinney to pay Ms. Karr $2,400.00 in attorney fees and the costs incurred in filing her motions to quash and for sanctions.

Mr. Kinney filed a suspensive appeal, arguing in three assignments of error that the subpoenas were valid and the trial court erred in imposing sanctions under Article 863.

## APPEALABILITY OF JUDGMENT

After the appellate record was lodged, this court issued a show cause order noting that "[i]t appears from a review of the face of the May 23, 2022 judgment that the judgment at issue in this appeal is not a final, appealable judgment" insofar as it "quashes a subpoena and subpoena duces tecum."

Upon further review of the matter, we find the May 23, 2022 judgment is a final, appealable judgment. In the judgment, the trial court not only quashed the witness subpoena and subpoena duces tecum issued on April 25, 2022, but also awarded sanctions against Mr. Kinney pursuant to Article 863, as specifically prayed for by Ms. Karr. Under La. C.C.P. art, 1915(A)(6), a judgment awarding sanctions pursuant to Article 863 is a final, appealable judgment subject to an immediate appeal, even if it does not adjudicate all the issues in the case. There is no need for such a judgment to be designated as a final judgment by the trial court. *Miller v. Stringer*, 22-0649 (La. App. 1st Cir. 12/22/22), ___ So.3d ___, 2022 WL 17839876, at *2; La. C.C.P. art. 1915, Comment - 1999. Moreover, in this case, the appealed judgment did adjudicate all issues raised by or against Ms. Karr, who is not a party to the underlying succession matter.

## MOTION TO QUASH

Ms. Karr's motion to quash the April 25, 2022 witness subpoena and subpoena duces tecum was based on Mr. Kinney's alleged failure to comply with the requirements of La. C.E. art. 508, which governs the issuance of subpoenas to attorneys in civil cases. Under Article 508, a subpoena shall not be issued to an

3

attorney to reveal information about a client or former client obtained in the course of representing the client unless, *after a contradictory hearing*, the trial court determines: the information sought is not protected from disclosure by any applicable privilege or work product rule;[1] the information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative; the purpose of seeking the information is not to harass the attorney or his client; *the subpoena lists the information sought with particularity and is reasonably limited as to subject matter and period of time* and gives timely notice; and there is no practicable alternative means of obtaining the information. La. C.E. art. 508(A). In view of these requirements, the trial court did not err in granting Ms. Karr's motion to quash.

Article 508(A) specifically states "[n]either a subpoena nor a court order shall be issued to a lawyer ... unless, **after a contradictory hearing**, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule...." (Emphasis added.) In considering the hearing requirement in this provision, this court has previously pointed out that words should be construed according to their common usage and the word "shall" is mandatory. ***Porter v. Baton Rouge Police Department***, 16-0625 (La. App. 1st Cir. 4/12/17), 218 So.3d 150, 157; see also La. R.S. 1:3. In this case, Mr. Kinney violated Article 508(A) by having the April 25, 2022 witness subpoena and subpoena duces tecum issued to Ms. Karr without a prior contradictory hearing.[2]

---

[1] In his brief, Mr. Kinney argues no attorney-client privilege exists herein due to La. C.E. 506(C)(2), which provides an attorney-client privilege does not extend to communications "with a client now deceased relevant to an issue between parties who claim through that client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos." Given the procedural defects in the witness subpoena and subpoena duces tecum issued to Ms. Karr, however, we need not reach the issue of whether an attorney-client privilege existed in this case. That is an issue to be decided at an Article 508 hearing.

[2] Citing federal jurisprudence, Mr. Kinney argues Article 508 does not require a contradictory hearing prior to issuing a subpoena to an attorney because consideration of the matter at the

4

See *Porter*, 218 So.3d at 157 (finding a district court abused its discretion in finding the failure to hold a contradictory hearing before issuing a subpoena to an attorney was not grounds to quash the subpoena); *Renton Properties, LLC v. 213 Upland, LLC*, 21-734 (La. App. 5th Cir. 2/4/22), ___ So.3d ___, 2022 WL 533343, at *2 (finding a district court abused its discretion in denying a motion to quash a subpoena that had been issued to a lawyer before a contradictory hearing was held and in failing to find all the prerequisites of Article 508(A) were met).

Additionally, Article 508(A)(3) requires a subpoena issued to an attorney to be reasonably limited as to its subject matter and time, to list with particularity the information sought, and to give timely notice. An examination of the April 25, 2022 witness subpoena and subpoena duces tecum indicates they fail to meet these requirements. The witness subpoena merely orders Ms. Karr to appear at trial "to testify to the truth according to your knowledge." The subpoena fails to list with particularity the information sought from Ms. Karr or to otherwise reasonably limit the subject matter or time period concerning which she might be called to testify. As to the subpoena duces tecum, it broadly orders Ms. Karr to bring with her to trial the "entire file involving in any way [the decedent] for the period from January 1, 2015 to date," including "notes, pleadings, drafts, statements and payment information, correspondence and expenses involved." This order for Ms. Karr to bring the decedent's entire file, without any limitation whatsoever as to subject matter and for a time period spanning over seven years, is too broad to meet the requirements of Article 508(A)(3).

## IMPOSITION OF SANCTIONS

Mr. Kinney argues the trial court erred in imposing sanctions pursuant to

---

hearing on the motion to quash is sufficient. See *Frazier v. Runnels*, 2019 WL 398930, at *3 (E.D. La. 2019); *Stafford v. Stanton*, 2019 WL 13159919, at *1 (W.D. La. 2019). We note that decisions from federal courts are persuasive only and are not binding on this court. *State v. King*, 19-01332 (La. 4/3/20), 340 So.3d 754, 757.

Article 863 because: (1) a subpoena is not a pleading subject to the provisions of Article 863; and (2) a non-party is not entitled to seek sanctions under Article 863. Both contentions have merit with respect to the trial court's order for Mr. Kinney to pay Ms. Karr $2,400.00 in attorney fees.[3]

Article 863 provides, in pertinent part, as follows:

A. Every **pleading** of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose physical address and email address for service of process shall be stated. ...

B. **Pleadings** need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the **pleading**, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The **pleading** is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the **pleading** is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the **pleading** has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the **pleading** of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

\*\*\*

D. **If, upon motion of any party or upon its own motion**, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of

---

[3] We find no error or abuse of discretion in the portion of the trial court judgment assessing Mr. Kinney with all costs associated with Ms. Karr's motions to quash and for sanctions. Under La. C.C.P. art. 1920, a trial court may assess costs in any manner and against any party in any proportion it deems equitable. A trial court has great discretion in matters relating to the assessment of costs. *Williams v. Leeper*, 21-1177 (La. App. 1st Cir. 4/8/22), 341 So.3d 850, 856.

6

the **pleading**, including reasonable attorney fees.

(Emphasis added.)

By its terms, Article 863 authorizes the imposition of sanctions only when an attorney signs *a pleading* in violation of the required certification. Documents other than pleadings are not subject to Article 863. See *Samuel v. Remy*, 15-0464 (La. App. 1st Cir. 8/31/16) (unpublished), 2016 WL 4591885, at *9, writ denied, 16-1785 (La. 11/29/16), 211 So.3d 387; *Maxie v. McCormick*, 95-1105 (La. App. 1st Cir. 2/23/96), 669 So.2d 562, 564. Under La. C.C.P. art. 852, pleadings in civil matters consist of "petitions, exceptions, written motions, and answers." Thus, Article 863 sanctions may not be imposed against an attorney for the wrongful issuance of a subpoena or subpoena duces tecum since they are not pleadings. *Samuel*, 2016 WL 4591885, at *9; *Bourgeois v. Bourgeois*, 23-0038 (La. App. 1st Cir. 9/13/13), 135 So.3d 1, 7, writ not considered, 13-2439 (La. 1/27/14), 130 So.3d 94. Accordingly, the trial court erred in imposing sanctions on Mr. Kinney pursuant to Article 863 based on the issuance of the April 25, 2022 witness subpoena and subpoena duces tecum.[4]

Further, the imposition of sanctions against Mr. Kinney under Article 863 was also improper because Ms. Karr was not a party in the underlying matter. Article 863 provides for the imposition of sanctions only upon the motion of "any party" or upon the court's own motion. La. C.C.P. art. 863(D). For this reason, a non-party such as Ms. Karr is not entitled to seek sanctions under Article 863.[5]

---

[4] Ms. Karr contends that even if subpoenas are not pleadings under Article 863, Mr. Kinney was subject to Article 863 sanctions for disparaging and defamatory statements he made in other pleadings he filed, *i.e.*, the Pretrial Order and his "Opposition to Motion to Quash Witness Subpoena and Request to Withdraw Ex Parte Order Communicated to the Court," which she contends are unquestionably pleadings. Ms. Karr's contention is meritless. Neither a pretrial order nor an opposition brief is a pleading since they do not constitute either petitions, exceptions, written motions, or answers. La. C.C.P. art. 852; *Maxie*, 669 So.2d at 565 n.4. Further, to the extent that Mr. Kinney's request to withdraw an ex parte order included in the opposition brief could be construed as a written motion, neither Ms. Karr's original nor supplemental motion for sanctions requested sanctions on that basis.

[5] In support of her argument that she is entitled to Article 863 sanctions, Ms. Karr cites

7

See *Samuel*, 2016 WL 4591885, at *9.

Nevertheless, Ms. Karr argues on appeal for the first time that even if sanctions against Mr. Kinney were improper under Article 863, sanctions against him were warranted under La. C.C.P. art. 1420(D) and/or La. C.C.P. art. 224. Like the duty imposed by Article 863, Article 1420 requires an attorney signing discovery documents to certify certain facts and authorizes sanctions if that duty is violated. See La. C.C.P. art. 1420(A), (B) & (D). Contrary to Ms. Karr's assertions, however, Article 1420 is not applicable herein because it applies only to discovery matters, specifically requests for discovery, or responses or objections thereto. La. C.C.P. art. 1420(A). The requests Mr. Kinney made for subpoenas to be issued to Ms. Karr were not discovery requests. Instead, the subpoenas issued to Ms. Karr were for trial purposes. Moreover, as with Article 863, sanctions may be imposed under Article 1420(D) only "upon motion of any party or upon [the court's] own motion." As a non-party, Ms. Karr was not entitled to seek sanctions under Article 1420(D).[6] See *Lockett v. UV Insurance Risk Retention Group, Inc.*, 15-166 (La. App. 5th Cir. 11/19/15), 180 So.3d 557, 575.

We also find no merit in Ms. Karr's argument that sanctions were warranted under Article 224 due to Mr. Kinney's contempt of court. Specifically, Ms. Karr argues Mr. Kenney's request to issue another, duplicative subpoena after the trial

---

*Sternberg v. Sternberg*, 97-101 (La. App. 5th Cir. 5/28/97), 695 So.2d 1068, 1071, writ denied, 97-1737 (La. 10/13/97), 703 So.2d 618. In *Sternberg*, the Fifth Circuit affirmed a trial court judgment quashing a subpoena issued to a non-party and granting the non-party's motion for sanctions under Article 863. The sanctioned attorney had signed a motion to compel the appearance of a non-party who was never properly served with a subpoena for a deposition and, moreover, had the non-party arrested for failing to appear at the deposition. In addition to *Sternberg* being factually distinguishable from the present case, this court is not bound by the decision of another circuit, which constitutes only persuasive authority. *Huggins v. Gerry Lane Enterprises, Inc.*, 05-2665 (La. App. 1st Cir. 11/3/06), 950 So.2d 750, 756 n.3, affirmed, 06-2816 (La. 5/22/07), 957 So.2d 127. Because the *Sternberg* decision is factually distinguishable and conflicts directly with the law of this circuit, it is not entitled to any weight in this matter.

[6] The instant case is distinguishable in significant respects from *Bourgeois v. Bourgeois*, 13-0038 (La. App. 1st Cir. 9/13/13), 135 So.3d 1, which Ms. Karr cites as support for imposing Article 1420(D) sanctions against Mr. Kinney. Unlike this case, *Bourgeois* involved a discovery request rather than trial subpoenas and, moreover, the person requesting sanctions was a party to the underlying litigation (although the subpoena duces tecum was issued to a non-party).

8

court had already quashed the prior subpoena issued to her was "done in violation of the Trial Court's Order."

Willful disobedience of a lawful court order constitutes constructive contempt. La. C.C.P. art. 224(2). Without expressing any opinion as to whether Mr. Kinney's actions constituted constructive contempt, we note an attorney can be held guilty of constructive contempt only after a trial by a judge of a rule against him to show cause why he should not be adjudged guilty of contempt. La. C.C.P. art. 225(A); Official Revision Comments-1960, Comment (a) to La. C.C.P. art. 225. Moreover, the alleged instances of noncompliance must be correctly, precisely, and explicitly set out in a rule for contempt. *Estate of Graham v. Levy*, 636 So.2d 287, 293, (La. App. 1st Cir. 4/8/94), writ denied, 94-1202 (La. 7/1/94), 639 So.2d 1167. This requirement is mandatory. La. C.C.P. art. 225(A); *Geo-Je's Civic Association, Inc. v. Reed*, 525 So.2d 192, 196 (La. App.1st Cir. 1988). Thus, because no rule for contempt was filed against Mr. Kinney, he could not properly be sanctioned for contempt of court.

## CONCLUSION

For these reasons, the portion of the May 23, 2022 trial court judgment ordering Henry W. Kinney to pay Jessica L. Karr $2,400.00 for attorney fees is hereby reversed. The judgment of the trial court is affirmed in all other respects. Mr. Kinney and Ms. Karr are to each pay one-half of the costs of this appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

9

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1026

SUCCESSION OF BERYL PETRICH WILLOZ

*Murt.*

**THERIOT, J., concurring and assigning reasons.**

Although I agree with the majority that sanctions were not available under La. C.C.P. art. 863 because the subpoenas issued by Mr. Kinney were not "pleadings," I believe that the trial court possessed the inherent authority to sanction Mr. Kinney for his actions under La. C.C.P. art. 191.

Louisiana Code of Civil Procedure article 191 provides that a court "possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." The supreme court has explained that this doctrine of inherent powers confers upon the court the power (other than those powers expressly enumerated in the constitution and statutes) to do all things reasonably necessary for the exercise of their functions as courts. *State in Int. of A.C.*, 643 So.2d 719, 732 (La. 1994). Article 191 has been interpreted to authorize a court to impose sanctions when a failure to adhere to evidentiary or discovery rules clearly interferes with the court's ability to fairly administer justice. See *Roussell v. Circle K Store, Inc.*, 2021-0582, pp. 5-6 (La.App. 1 Cir. 12/22/21), 340 So.3d 52, 55-57 (in addition to the range of sanctions that may be available under other provisions of the law for spoliation of evidence, a trial court may also impose sanctions pursuant to the court's inherent authority under La. C.C.P. art. 191 to manage its own affairs); *Carter v. Hi Nabor Super Market*, 2013-0529, p. 7-8 (La.App. 1 Cir. 12/30/14), 168 So.3d 698,

703-704 (although La. C.C.P. art. 1471(A) authorizes a trial court to issue sanctions when a party refuses or fails to comply with a discovery order, sanctions may nevertheless be imposed by the trial court for failure to adhere to discovery rules in the absence of a discovery order under the inherent authority of La. C.C.P. art. 191, because the failure to comply with discovery rules interferes with the court's ability to administer justice); see also *Stevens v. St. Tammany Parish Government*, 2016-0534, pp. 17-20 (La.App. 1 Cir. 1/18/17), 212 So.3d 568, 578-580 (although La. C.C.P. art. 1426 does not explicitly authorize a trial court to issue a protective order or exercise control over allegedly protected information where the information was obtained outside of discovery, the trial court has the inherent authority to do so under the proper circumstances to assure the fair administration of justice).

I believe under the circumstances presented by this case, where an attorney twice had subpoenas issued in violation of the provisions of La. C.E. art. 508, with the second subpoena issued *after* the trial court quashed his first improperly issued subpoena, the trial court's inherent authority to direct the manner in which proceedings are conducted would allow the trial court to impose sanctions (such as payment of the improperly subpoenaed party's attorney fees and costs) for the attorney's refusal to follow the evidentiary rules. However, no one argued La. C.C.P. art. 191 should apply in this matter, nor did the trial court mention La. C.C.P. art. 191 in its reasons for judgment. Therefore, I concur in the result reached by the majority.